### MINUTE ORDER

**FERNANDEZ V. ASTORIA ENERGY, LLC ET AL**, 07cv03290 (**ARR**)

At a conference held on June 18, 2009, the parties discussed the "fourth party complaint" that third-party defendant ESS Group, Inc. ("ESS") filed against Steinway Creek Electric Generating, SCS Energy LLC ("SCS") and AE Investors LLC. Since ESS filed that pleading more than ten days after it filed its answer to the third-party complaint, it could not file the "fourth party complaint" without first obtaining leave of court to do so. Fed. R. Civ. P. 14(a)(1). Counsel for ESS advised that he filed the complaint as a protective measure due to uncertainty over whether the third-party defendants sued were at the work site at the time of the March 2007 accident at issue herein occurred. Because an employee of defendant and third-party plaintiff Astoria Energy LLC ("Astoria") testified in a deposition that SCS had been hired by Astoria as a subcontractor and was working at the work site in December 2006, ESS believed that SCS was also working there in March 2007.

Since the parties agreed at the conference to accept information from defendant Astoria as to whether Astoria employed any of the named "fourth party" defendants at the work site in March 2007, this court directed Astoria to provide an appropriate affidavit by June 25, 2009. In addition, this court directed ESS to file a motion for leave to file a third-party complaint by June 29, 2009, if, after receiving Astoria's affidavit, it still wished to pursue claims against any of the defendants named in its third-party complaint. Astoria filed an affidavit by the deadline set stating that none of the defendants named by ESS that SCS had stopped working at the work site three months before the accident and the other two "fourth party" defendants named were never employed at the site.

Since ESS had no right to file the "fourth party complaint" without leave of court and has failed to seek leave by the June 29, 2009 deadline set, the "fourth party complaint" is deemed withdrawn.[1]

**SO ORDERED.**

Dated: Brooklyn, New York
July 1, 2009

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE

---

[1] Whether this order is considered under Rule 16(f) or Rule 14 of the Federal Rules of Civil Procedure, I have authority to act pursuant the reference of all non-dispositive pretrial matters to me under Local Court Rule 72.2(a). See 28 U.S.C. § 636(b)(1)(A). Although the Second Circuit has not expressly determined whether a motion for leave to file a third-party complaint is within the general pretrial reference authority of magistrate judges, that Court has found that magistrate judges have authority to dispose of motions to amend, which are akin to motions under Rule 14. See Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) ("a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent"); see also Columbus McKinnon Corp. v. China Semiconductor Co., Ltd., 867 F. Supp. 1173, 1175 n. 2 (W.D.N.Y. 1994) (noting magistrate judge's authority to grant leave to file third-party complaint as non-dispositive ruling); Jackson v. Mosteller, 2009 WL 700676, 2 (M.D.Ga. 2009) (holding motion to strike is a "pre-trial matter[]... within the authority of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)); Brace v. IBM, 953 F.Supp. 561, 563 (D.Vt. 1997) (motion to strike is a non-dispositive matter within the pretrial authority of Magistrate Judges to hear and determine); Carnrite v. Granada Hospital Group, Inc., 175 F.R.D. 439, 441 n. 1 (W.D.N.Y. 1997) (same). Cf. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp. 871 F.2d 648, 656 (7th Cir. 1989) (affirming order of magistrate judge to impose sanctions pursuant to Rule 16(f) for a party's failure to send a corporate representative to a settlement conference). Thus, Federal Rule of Civil Procedure 72(a) governs any objections to this order. See Lyondell-Citgo Ref., LP v. Petroleos De Venezuela, S.A., No. 02 Civ. 0795, 2005 WL 883485, at *3 (S.D.N.Y. Apr. 14, 2005) (noting agreement with "the weight of authority in this Circuit applying a clearly erroneous standard of review to a magistrate's ruling on a party's motion to amend a pleading").